Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd. Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff
Everett Pilkington

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Everett Pilkington**, an Arizona resident,<br><br>Plaintiff,<br><br>v.<br><br>**Abuela's Cocina, LLC,** an Arizona limited liability company; **John Aldecoa,** an Arizona resident; **David Aldecoa,** an Arizona resident; and **Jorge Alvarez,** an Arizona resident,<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Everett Pilkington, for his Verified Complaint against Defendants Abuela's Cocina, LLC, John Aldecoa, David Aldecoa, and Jorge Alvarez, hereby alleges as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); failure to pay minimum wage in violation of A.R.S. §§ 23-362 - 23-

364 ("**Arizona Minimum Wage Statute**"); and failure to make timely payment of wages under A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2. This action is brought to recover unpaid minimum wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA and Arizona Minimum Wage Statute.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Plaintiff's state law claims are sufficiently related to his federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute and Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendants in this District.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff Everett Pilkington resided in the District of Arizona.

8. Plaintiff was a full-time employee of Defendants from in or around January 2018 until on or about February 25, 2018.

9. At all relevant times, Plaintiff was an employee of the Defendants as defined

in 29 U.S.C. § 203(e)(1), A.R.S. § 23-362, and A.R.S. § 23-350.

10. Defendant Abuela's Cocina, LLC is a limited liability company, authorized to do business in Arizona, and was Plaintiff's employer as defined by 29 U.S.C. § 203(d), A.R.S. § 23-362, and A.R.S. § 23-350.

11. Defendant John Aldecoa is an Arizona resident. He has directly caused events to take place giving rise to this action. John Aldecoa is the owner of Abuela's Cocina, LLC.

12. Defendant David Aldecoa is an Arizona resident. He has directly caused events to take place giving rise to this action. David Aldecoa is the owner of Abuela's Cocina, LLC.

13. Defendant Jorge Alvarez is an Arizona resident. He has directly caused events to take place giving rise to this action. Jorge Alvarez is the owner of Abuela's Cocina, LLC.

14. Under the FLSA, Defendants John Aldecoa, David Aldecoa, and Jorge Alvarez are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. They have determined the method and rate of Plaintiff's payment of wages. As a person who acted in the interest of Abuela's Cocina, LLC, in relation to the companies' employees, John Aldecoa, David Aldecoa, and Jorge Alvarez are subject to individual and personal liability under the FLSA.

15. Under the Arizona Minimum Wage Statute, Defendants John Aldecoa, David Aldecoa, and Jorge Alvarez are employers. The Arizona Minimum Wage Statute defines "employer" as any individual or other entity acting directly or indirectly in the interest of

an employer in relation to an employee. They have determined the method and rate of Plaintiff's payment of wages. As a person who acted in the interest of Abuela's Cocina, LLC in relation to the companies' employees, John Aldecoa, David Aldecoa, and Jorge Alvarez are subject to individual and personal liability under the Arizona Minimum Wage Statute.

16. Under the Arizona Wage Statute, Defendants John Aldecoa, David Aldecoa, and Jorge Alvarez are employers. The Arizona Minimum Wage Statute defines "employer" as any individual employing any person. They determined the method and rate of Plaintiff's payment of wages. As a person who acted in the interest of Abuela's Cocina, LLC, and employed Plaintiff, John Aldecoa, David Aldecoa, and Jorge Alvarez are subject to individual and personal liability under the Arizona Wage Statute.

17. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

18. Defendants, and each of them, are sued in both their individual and corporate capacities.

19. At all relevant times, Defendants have been engaged in interstate commerce and have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

**FACTUAL ALLEGATIONS**

20. Defendants are a Mexican restaurant and bar.

21. In or around January 15, 2018, Plaintiff began employment with Defendants as lead production cook.

22. As lead production cook, Plaintiff's primary job duties included preparing all food for line cooks and other staff.

23. From January 2018 until February 25, 2018 Plaintiff was a non-exempt employee and was to be paid at a rate of $13.00 per hour.

24. From on or around February 11, 2018 through February 25, 2018, Plaintiff was compensated $0.00 for all hours he worked for Defendants.

25. As a result of receiving $0.00 per hour for all hours worked in a given workweeks from February 11, 2018 through February 25, 2018, a FLSA and Arizona minimum wage violation has occurred.

26. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

27. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

28. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA, Arizona Minimum Wage Statute, and Arizona Wage Statute were willful.

## COUNT I
**(FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)**

29. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

30. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

31. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

32. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

33. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving any compensation in accordance with 29 U.S.C.§ 206.

34. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

35. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was not being compensated anything for time worked and failed to pay proper minimum wages. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

36. Defendants have not made a good faith effort to comply with the FLSA.

37. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

38. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

39. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

40. Defendants intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the Arizona Minimum Wage Statute.

41. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is

entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

42. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

43. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

44. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Wage Statute.

45. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

46. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

47. Defendants failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

48. Defendants have willfully failed and refused to timely pay wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by

failing to pay minimum wages;

ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

v. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and A.R.S. § 12-341.01 and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED May 29, 2018.

**ZOLDAN LAW GROUP, PLLC**


By: /s/ Jason Barrat
14500 N. Northsight Blvd. Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff Everett Pilkington

## VERIFICATION

Plaintiff Everett Pilkington declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

*[signature]*

Everett Pilkington

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com