**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Everett Pilkington, | No. CV-18-00281-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Abuela's Cocina LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6), FRCP and Motion for Attorneys' Fees (Doc. 16.) The Complaint asserts the Court has federal question jurisdiction over this matter under the Fair Labor Standards Act with supplemental jurisdiction over all state claims. (Doc. 1 at 1-2.)

Defendants' Motion to Dismiss argues that Plaintiff's Complaint fails assert a viable claim under the Fair Labor Standards Act because he has failed to plead necessary facts to establish either enterprise or individual coverage. Therefore, one of the elements of his FLSA claim is inadequate, and the Court has no federal jurisdiction over the matter. Plaintiff counters that (1) he has properly pleaded the elements of an FLSA claim; (2) it is too early in the proceedings to determine whether the basis for the FLSA has been met; and (3) the issue is not proper for a motion to dismiss. Furthermore, Plaintiff argues that Defendants' Motion to Dismiss should be denied because Defendants did not meet and confer about the motion prior to filing, in direct violation of a Court order.

///

## I. Fair Labor Standards Act

To establish a claim for a violation of the FLSA, a plaintiff must plead: (1) defendants employed plaintiff; (2) plaintiff is employed by an enterprise engaged in commerce ("enterprise coverage"), or plaintiff "is engaged in commerce or in the production of goods for commerce" ("individual coverage"); and (3) defendants failed to pay plaintiff minimum wage. 29 U.S.C. § 206(a). Enterprise coverage occurs only when an employer's "annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(ii). Furthermore, to establish individual coverage, the plaintiff's work must involve interstate commerce. *Mitchell v. C.W.Vollmer & Co.*, 349 U.S. 427, 429 (1955) ("The test is whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity.") But in general, simple food preparation does not qualify as interstate commerce. *See e.g., Yan v. Gen. Pot, Inc.*, 78 F. Supp.3d 997, 1003 (N.D. Cal. 2015); *Martinez v. Palace*, 414 Fed. App'x 243, at *2 (11th Cir. 2011); *Dean v. Pacific Bellwether, LLC*, 996 F.Supp.2d 1044, 1048; *Joseph v. Nichell's Caribbean Cuisine, Inc.*,862 F.Supp.2d 1309, 1313 (S.D. Fla. 2012).

## II. Federal Jurisdiction

The jurisdiction of the Federal Courts is limited; district courts may only hear cases permitted by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The burden of establishing jurisdiction falls on the party asserting it. *Id.*; *see also, In re Wilshire Courtyard,* 729 F.3d 1279, 1284 (9th Cir. 2013).

"In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Thornhill Publishing Co. v. General Telephone Corp.,* 594 F.2d 730, 733 (9th Cir. 1979).

///

///

///

### III. Factual v. Facial Challenge to Jurisdiction

Further, a 12(b)(1) motion challenging subject matter jurisdiction may be "facial" or "factual." *See Safe Air for Everyone v. Meyer*, 373 F.3d 0135, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction" *Id*. In a facial attack, the allegations included in the complaint are taken as true. *Courthouse News Service v. Planet,* 750 F.3d 776, 780 (9th Cir. 2014). Such is not the case in a factual attack on jurisdiction, wherein "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. . . . [and t]he court need not presume the truthfulness of the plaintiff's allegations." *Safe Air,* 373 F.3d at 1039 (internal quotation marks and citation omitted). Indeed in this instance, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill,* 594 F.2d at 733.

Defendants' Motion to Dismiss both factually and facially attacks the jurisdiction of this Court based on the Complaint. Facially, Defendants assert that Plaintiff has not pleaded facts alleging that Plaintiff was engaged in commerce (for individual coverage), but only pleaded that Defendants were engaged in commerce, which is not sufficient. Factually, Defendants claim that Plaintiff's assertion that Defendants' gross income is over $500,000.00 is false. In support, Defendants' Motion to Dismiss attached a Summary of Revenue accounting document that indicates Abuela's grossed merely $308,738.99 in its three months in business. The jurisdictional issue and the factual attack permit the Court to consider this extrinsic evidence.

### IV. Pleading Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp.,* 550 U.S. at 555. A pleading must have both a cognizable legal theory and sufficient facts supporting the cognizable claim. *SmileCare Dental Group v. Delta Dental Plan of Calif., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

### a. Enterprise Coverage: $500,000.00 gross income

Petitioner's assertion that Defendants have a gross annual volume of sales greater than $500,000 is a conclusory statement without factual support. Furthermore, when faced with documents demonstrating Abuela's gross annual sales were less than $500,000.00, Petitioner failed to add any further facts explaining why he believes Abuela's makes over the mandatory minimum. Plaintiff's contention is a threadbare recital of an element, and therefore, he fails to meet his pleading burden under Rule 8. Plaintiff has not established that the Court has jurisdiction.

### b. Individual Coverage: Engaged in Interstate Commerce

Defendants argue that Plaintiff has failed to assert that he was engaged in interstate commerce and so the pleading does not establish individual coverage under the FLSA. The Court agrees, the Complaint merely asserts that "Defendants have been engaged in interstate commerce." (Doc. 1 at 4.) Petitioner was employed as a production cook, and has made no allegations that he engaged directly in interstate commerce. *Id*. at 5. Cooking in and of itself does not implicate interstate commerce. *See e.g., Yan*, 78 F. Supp.3d at 1003.

Plaintiff's Complaint is deficient and fails to establish the Court's jurisdiction because of individual coverage. Because Plaintiff has not sufficiently pleaded the elements of an FLSA claim, in the Court's discretion, it declines supplemental jurisdiction on Plaintiff's state claims.

## V. Meet and Confer Requirement

In the Court's Scheduling Order, it stated that the parties must meet and confer prior to filing a motion to dismiss and that any dispositive motion must certify that the parties have conferred. (Doc. 6 at 2.) The Order further indicated:

> If any Defendant files a motion to dismiss under Rule 12(b)(6) or 12(c) and if Plaintiff contends any further amendment of the Complaint can cure any alleged deficiency, Plaintiff must submit, no later than the time Plaintiff files a response to a motion to dismiss, a proposed amended complaint containing all further allegations Plaintiff could make. In the event a motion to dismiss is granted in any part, no leave will be granted to amend the Complaint beyond what is offered in that proposed amended complaint.

*Id*. Neither Defendants' original or Amended Motion to Dismiss included a certification showing the parties had conferred, and Plaintiff claims no such meeting occurred. Nor did Plaintiff, when responding to the Motion to Dismiss, attach a proposed amended complaint that added further allegations that would have supported the Court's jurisdiction.

The Court finds that the most appropriate way to resolve these failures is to overlook both. The Court will grant the Motion to Dismiss because Plaintiff has not sufficiently pleaded facts supporting a FLSA claim. However, because the Court believes that the deficiencies may be cured by amendment, it will allow Plaintiff leave to file an Amended Complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (amendment should be permitted if adding of additional facts may resolve deficiencies).

Accordingly, IT IS ORDERED:

1. Defendants' Amended Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6), FRCP and Motion for Attorneys' Fees (Doc. 16) is GRANTED.
2. This matter is DISMISSED with LEAVE TO AMEND. Plaintiff may file a First Amended Complaint within thirty (30) days of the date of this Order.

3. If Plaintiff fails to file an Amended Complaint within thirty (30) days of the date of this Order, the Clerk of Court shall, without further notice, enter a judgment dismissing this case with prejudice.

Dated this 7th day of March, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge