**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Everett Pilkington, | No. CV-18-00281-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Abuela's Cocina LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), ("Motion to Dismiss") (Doc. 48), Motion for Sanctions (Doc. 32), and Motion for Attorneys' Fees (Doc. 48 at 16.) The Plaintiff's First Verified Amended Complaint ("Amended Complaint") asserts the Court has federal question jurisdiction over this matter under the Fair Labor Standards Act with supplemental jurisdiction over all state claims. (Doc. 36 at 2.) Defendants' Motion to Dismiss argues Amended Complaint fails to assert a viable claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201-219, because Plaintiff has failed to plead necessary facts to establish either enterprise or individual coverage, and he has failed to plead necessary facts to establish Defendants were his employers. (Doc. 48 at 1-2.)

The Court will deny Defendants' Motion to Dismiss, deny Defendants' Motion for Sanctions, and dismiss without prejudice Defendants' Motion for Attorneys' Fees.

///

///

## I. PLEADING STANDARDS FOR FLSA CLAIM

A plaintiff is required to give a short and plain statement of the grounds for the Court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for relief sought. Fed. R. Civ. P. 8(a)(1-3). The Supreme Court has expanded on those criteria, requiring a plaintiff also to plead sufficient alleged facts to support the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must also be more than "a formulaic recitation of the elements of a cause of action"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a claim must be supported by more than "mere conclusory statements.")

In order for the Court to have federal question jurisdiction pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over the state claims within the Arizona Minimum Wage Statute and the Arizona Wage Statute pursuant to 28 U.S.C. §1367, the Plaintiff must first meet the FLSA's requirements to establish a claim.

To establish jurisdiction under the FLSA, Plaintiff must plead that 1) Defendants employed Plaintiff, 2) Plaintiff is employed by an enterprise engaged in commerce ("enterprise coverage") or Plaintiff "is engaged in commerce or in the production of goods for commerce" ("individual coverage"), and 3) Defendants failed to pay Plaintiff minimum wage. 29 U.S.C. §206(a).

## II. FACTUAL & PROCEDURAL HISTORY FOR MOTION TO DISMISS

Plaintiff Everett Pilkington alleges he was not paid for two weeks of full-time work as lead production cook at Abuela's Cocina, LLC ("Abuela's") between around February 11, 2018 and February 25, 2018. (Doc. 36 at 9-10.) Plaintiff's original Complaint was dismissed by the Court with leave to amend for lack of subject matter jurisdiction. (Doc. 22.) Plaintiff had failed to allege sufficient facts to support his claim that he satisfied the requirements of individual coverage or that Defendants satisfied the requirements of enterprise coverage in order to establish federal question jurisdiction under the FLSA. *Id.*

Defendants named in Amended Complaint are Abuela's, Jorge Alvarez, David Aldecoa, John Aldecoa, and Brother John's. (Doc. 36.) To cure the defects of the original

complaint, Plaintiff alleges that Defendants David and John Aldecoa were employers of Plaintiff at Defendant Alvarez's restaurant, Abuela's, and that the Aldecoa's restaurant, Brother John's BBQ, LLC ("Brother John's"), was under common control with Abuela's. *Id.* at 7. Defendants David Aldecoa, John Aldecoa, and Brother John's filed another Motion to Dismiss (Doc. 48), contending that Plaintiff had not cured the defects of his original Complaint and his alleged facts continued to be insufficient to support subject matter jurisdiction under the FLSA. Defendants also asserted that, regardless of the Court's jurisdiction, the Amended Complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) because Plaintiff could not properly allege the Aldecoas had been his employers. (Doc. 48 at 11.)

**III. MOTION TO DISMISS**

    **i)    SUBJECT MATTER JURISDICTION**

A motion to dismiss challenging subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) may be "facial" or "factual." *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack contends the allegations of a complaint are "insufficient on their face to invoke federal jurisdiction." *Id.* Comparatively, a factual attack is one which challenges the truth of the allegations which would invoke federal jurisdiction. *Id.* The allegations of a complaint are taken as true when a court considers a facial attack. *Courthouse News Service v. Plant*, 750 F.3d 776, 780 (9th Cir. 2014). Regarding a factual attack on federal jurisdiction, a court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment . . . [and] [t]he court need not presume the truthfulness of the plaintiff's allegations." *Safe Air*, 373 F.3d at 1039 (internal quotation marks and citation omitted).

In the instant case, Defendants' Motion to Dismiss both factually and facially attacks the jurisdiction of the Court based on the Amended Complaint. Facially, Defendants assert that Plaintiff has not pleaded sufficient facts alleging that Plaintiff was engaged in commerce (for individual coverage) or pleaded sufficient facts to allege that Defendants were engaged in commerce (for enterprise coverage). Factually, Defendants

deny Plaintiff's assertion that Abuela's and Brother John's were under common control, and therefore their combined gross income should not be used to determine the existence of enterprise coverage under the FLSA in this case.

Defendants contend it is Plaintiff's burden to not only plead but prove jurisdictional facts, citing *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). (Doc. 48 at 3). Defendants also argue that "[f]aced with a factual attack . . . '[no] presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3rd Cir. 1977)); (Doc. 48 at 4.)

However, the court in *Thornhill* goes on to say that when "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiffs' substantive claim for relief, a motion to dismiss for lack of subject matter jurisdiction . . . is proper only when the allegations of the complaint are frivolous." *Thornhill* at 734 (quoting *Timberlane Lumber Co. v. Bank of America*, 549 F.2d 597, 602 (9th Cir. 1976)). *See also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (holding that a "[j]urisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action.")

The allegations of Plaintiff's complaint are not frivolous, and the question of subject matter jurisdiction in the present case is dependent upon Plaintiff proving Defendants were his employers and proving either enterprise or individual coverage (elements which also go to the merits of his action). Therefore, the Court declines to dismiss the action on the basis that Plaintiff must prove his jurisdictional facts.

**ii)     ENTERPRISE COVERAGE**

In order "to be subject to the Fair Labor Standards Act, two conditions must be

satisfied. First, the…businesses must constitute an enterprise engaged in commerce or in the production of goods for commerce . . . Second, the associates must be 'employees' within the meaning of the Act." *Tony and Susan Alamo Foundation v. Sec. of Labor*, 471 U.S. 290 (1985) (internal quotation marks and citation omitted.)

To establish "enterprise coverage," Plaintiff must allege sufficient facts to support the claim that his employer's "annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. §203(s)(1)(ii). Defendants contend Abuela's Cocina grossed only $308,738.99 in its less than three months in business and, as a result, cannot be considered an enterprise under the FLSA. (Doc. 48 at 5). However, the FLSA defines "enterprise" as "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose." 29 U.S.C. §203(r)(1). Further, "unified operation" is defined as "a business which may consist of separate segments but which is conducted or operated as a unit or as a single business for a common business purpose." 29 C.F.R. § 779.217. Plaintiff asserts Defendants do satisfy the requirements of enterprise coverage under the FLSA, alleging that Brother John's and Abuela's were under common control. (Doc. 36 at 7.)

Regarding unified operation or common control, "[i]f these three elements—related activities, unified operation or common control and common business purpose—are present, different organizational units are grouped together for the purpose of determining FLSA coverage." *Chao v. A-One Medical Services*, 346 F.3d 908, 915 (9th Cir. 2003). To support his allegation that Abuela's and Brother John's were under common control, Plaintiff alleges Defendants Aldecoas had the authority to hire and fire employees; were present at Plaintiff's interview; supervised and controlled employees' work schedules and conditions; set employees' rates of pay; and tested recipes for Abuela's. (Doc. 36 at 4-5.) Among other claims, Plaintiff further alleges that Brother John's and Abuelas shared employees, that the two restaurants shared equipment and other items, and that Abuela's statutory agent's address, principal information's address, and entity known place of business's address were listed with the Arizona Corporation Commission as the same

address as Brother John's physical location. (Doc. 36 at 8-9.) Relating to the three elements, the common purpose of the two restaurants satisfies the first element, the allegations of the Aldecoas' involvement satisfies the second, and the allegation that Abuela's and Brother John's have common ownership satisfies the third.

In support of the Motion to Dismiss, Defendants have attached signed affidavits from Defendants David and John Aldecoa, swearing that neither Aldecoa had an ownership interest in Abuela's nor was either Defendant an employer of Plaintiff. (Doc. 48-1); (Doc. 48-2.) These affidavits, however, cannot be considered by the Court. "A district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Branch v. Tunnel*, 14 F.3d 449, 453 (9th Cir. 1994)). Consideration of extrinsic evidence would convert a 12(b)(6) motion into a motion for summary judgment. *Lee*, 250 F.3d at 668. If the court were to view Defendants' filing as a motion for summary judgment, the Court would still be unable to grant Defendant's motion because "the trial court cannot grant a summary judgment unless there is no genuine issue of material fact." *Mortensen*, 549 F.2d 884 at 891. It is evident from the parties' filings that there is a genuine issue of material fact. Moreover, in a 12(b)(6) motion, a "plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn" because "[t]he decision disposing the case is . . . purely on the legal sufficiency of plaintiff's case." *Id.* The Court therefore cannot consider Defendants Aldecoas' affidavits in deciding the Motion to Dismiss, and Plaintiff's allegations must be taken as true for the purposes of Plaintiff's pleading. Plaintiff pleads sufficient factual allegations to satisfy enterprise coverage.

### iii) INDIVIDUAL COVERAGE

Plaintiff fails to allege sufficient facts to establish individual coverage under the FLSA. Plaintiff alleges the following in his Amended Complaint to support individual coverage: 1) "At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce"; 2) "Plaintiff, in his work for Defendants, regularly handled goods

produced and transported in interstate commerce"; 3) "[a]t all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce"; and 4) "food, alcohol, and equipment was produced outside of Arizona and transported to Arizona for sale or use" by Plaintiff. (Doc. 36 at 6-7.) These alleged facts do not cure the defects of Plaintiff's first complaint with regard to individual coverage. Cooking in itself does not implicate interstate commerce and therefore cannot satisfy individual coverage. *Martinez v. Palace*, 414 F. App'x 243, 245 (11th Cir. 2011); *Yan v. Gen. Pot, Inc.*, 78 F.Supp.3d 997, 1003 (N.D. Cal. 2015); *Dean v. Pacific Bellweather, LLC*, 996 F.Supp.2d 1044, 1048 (D.N. Mar. Is. 2014); *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F.Supp.2d 1309, 1313 (S.D. Fla. 2012). As Plaintiff's Amended Complaint lacks any alleged facts which would establish that he engaged in interstate commerce, the Court cannot accept individual coverage as Plaintiff's grounds for federal question jurisdiction under the requirements of the FLSA. Individual coverage is not a necessary element of an FLSA claim, however, if Plaintiff's employer satisfies the requirements of enterprise coverage. 29 U.S.C. 206(a).

 **iv)**   **FAILURE TO STATE A CLAIM**

 Defendants argue Amended Complaint should be dismissed for failure to state a claim for which the Court can grant relief. (Doc. 48 at 1.) In order for Defendants to be held liable for a minimum wage or unpaid wage violation under the FLSA and Arizona law, they must be employers of Plaintiff. 29 U.S.C. §206(a); A.R.S. §23-363; A.R.S. §23-355. The legal standard to determine "[w]hether an employment relationship exists under the FLSA depends on the 'economic reality' of the employment situation." *Hale v. State of Ariz.* 967 F.2d 1356, 1364 (9th Cir. 1992). The test is comprised of four factors: "[W]hether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id*. Plaintiff has alleged all of the above in his pleading with regard to Defendants. (Doc. 36 at 4-5).

Furthermore, a joint employment relationship is said to exist "[w]here the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, *directly or indirectly*, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer." 29 C.F.R. §791.2(b) (emphasis added). Defendants cite *Chao v. Vidtape, Inc.*, 196 F.Supp.2d 281, 291 (E.D. N.Y. 2002), in which the father of the defendants was determined not to be "an owner, shareholder, or officer" of the business in question because he "never received a paycheck" and "never gave orders, hired, fired, or set policies for the employees." By comparison, however, Plaintiff alleges that Defendants had the ability to hire, fire, and give orders to employees at Abuela's. The Court finds Plaintiff has met his burden to allege facts that would establish Defendants as his employers.

**IV. FACTUAL AND PROCEDURAL HISTORY FOR MOTION FOR SANCTIONS**

Having disposed of the Motion to Dismiss, the Court turns to the Motion for Sanctions also pending before the Court. Defendants allege Plaintiff's Counsel has violated Rule 11 of the Federal Rules of Civil Procedure. (Doc. 24.)

Courts reserve Rule 11 sanctions for "filing[s] [that are] frivolous, legally unreasonable, or without factual foundation, or brought for an improper purpose." *Estate of Blue v. Cnty. of L.A.*, 120 F.3d 982, 985 (9th Cir. 1997). A "frivolous" filing is one that is "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir.1990) (en banc).

The Defendants' Motion for Sanctions (Doc. 32) is based on Defendants' contention that Plaintiff's counsel filed its original Complaint (Doc. 1) without making a reasonable inquiry into the facts of the case, and that the Amended Complaint (Doc. 36) reiterates "the same offending allegations." (Doc. 32 at 6); (Doc. 50 at 3). Because the Motion for Sanctions (Doc. 32) was served to Plaintiff's counsel seven days after the Plaintiff's original Complaint (Doc. 1) had already been dismissed with leave to amend (Doc. 22), the Motion for Sanctions (Doc. 32) hinges in large part on the premise that Plaintiff's Amended Complaint (Doc. 36) contains a majority of the same defects as his original

Complaint (Doc. 1). Defendants assert the Amended Complaint should be subject to the Motion for Sanctions as if it were the complaint the Motion initially targeted because the Amended Complaint contains the same "offending allegations" as the complaint the Court initially dismissed. (Doc. 50 at 3.) Both Defendants and Plaintiff make mention of the safe harbor provision contained in Fed. R. Civ. P. 11 which requires a party to serve a sanctions motion 21 days before filing it with the Court. (Doc. 42 at 4); (Doc. 50 at 2-3.) The Court does not feel compelled to address this provision, as it finds reason to reject the Motion for Sanctions on other grounds.

### V. MOTION FOR SANCTIONS

In order for Plaintiff's filing to be frivolous, it would have had to been filed without a reasonable inquiry into the facts of the case. However, the Amended Complaint does not, as Defendants claim, rely upon "most, if not all, of the offending allegations that had resulted in the dismissal of the original Complaint." (Doc. 50 at 3.) In the analysis above, preceding the Court's conclusion to deny the Motion to Dismiss, the Court noted the specific allegations of the Amended Complaint and found it contained only one conclusion which was not properly supported by factual allegations; said conclusion (that Plaintiff was engaged in interstate commerce and thus satisfied the requirements of individual coverage under the FLSA) was not essential for Plaintiff's claim to remain in the Court's jurisdiction because Plaintiff properly alleged facts to establish enterprise coverage and employment by Defendants.

The Motion for Sanctions therefore cannot be applied to the complaint as Amended because it attacks defects which are no longer present, and the Amended Complaint "appropriately corrected" the defects of the original complaint, as prescribed in Fed. R. Civ. P. 11(c)(2).

### VI. MOTION FOR ATTORNEY'S FEES

Finally, the Court considers Defendants' Motion for Attorney's Fees (Doc. 48 at 16.) The Court will dismiss the motion.

Defendants request attorney's fees under A.R.S. §12-341.01, which states that "[i]n

any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Under Fed. R. Civ. P. 54(d)(2)(B)(i), a motion for attorney's fees must be filed "no later than 14 days after the entry of judgment," and under L. R. Civ. 54.2(b), the motion must be filed "within fourteen (14) days of the entry of judgment."

A final decision is defined as "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Numerous courts have found motions for attorney's fees premature when filed before final judgment. *See Scanlon v. Sullivan*, 974 F.2d 107 (9th Cir. 1992) (holding district court had no jurisdiction to rule on fee petition under the law of the circuit because no final judgment had been entered designating the prevailing party); *Sohappy v. Hodel*, 911 F.2d 1312, 1321 (9th Cir.1990) (holding petition for attorney's fees was premature because no final judgment had been entered in action); *Papazian v. Bowen*, 856 F.2d 1455, 1456 (9th Cir.1988) (request for attorney's fees before district court enters a final judgment is premature).

This action is still in the pleading phase. As no decision has yet been made on the merits of this case, the Court finds the Defendants' motion premature.

**VII. CONCLUSION**

With regard to Defendants' Motion to Dismiss, despite improperly pleading individual coverage, Plaintiff nonetheless pleaded sufficient facts to satisfy enterprise coverage and to allege Defendants were his employers. Since these jurisdictional questions are also elements which go to the merits of Plaintiff's action, the Court does not consider Defendants' extrinsic evidence.

As to the Motion for Sanctions, the defects of the original Complaint have been almost entirely disposed of in the Amended Complaint, nullifying Defendants' assertion that the motion should apply to the amended complaint as if it were the original. Finally, the Court sees no compelling evidence to suggest the Amended Complaint was frivolous under Fed. R. Civ. P. 11 or that Plaintiff's Counsel did not make a reasonable inquiry into

the facts of the case.

Regarding the Defendants' Motion for Attorney's Fees, the Court finds the motion premature.

Accordingly, IT IS ORDERED:

1) Defendants' Motion to Dismiss Amended Complaint is DENIED and the Motion for Attorney's Fees is DISMISSED without prejudice. (Doc. 48.)
2) Defendants' Motion for Sanctions is DENIED. (Doc. 32.)

The Court will issue an Order setting a Rule 16 case management conference shortly.

Dated this 23rd day of July, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge